THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| SOUNDCLEAR TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:24-cv-00321-AWA-DEM |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## GOOGLE'S OPPOSITION TO SOUNDCLEAR'S
## <u>MOTION TO CONDUCT VENUE DISCOVERY</u>

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     RELEVANT FACTS ...................................................................................... 2

III.    LEGAL STANDARDS ................................................................................. 4

IV.     ARGUMENT ................................................................................................. 5

      A.      SoundClear's Motion is an Impermissible Supplemental Brief. ........................ 5

      B.      Venue Discovery is Not Warranted. ................................................................. 5

            1.      Google Did Not Withhold Any Relevant Information. ............................ 5

            2.      Soundclear's Additional Attempts To Distract From The Merits Should Be Ignored. ............................................................................... 8

            3.      Soundclear Provides No Legal Justification For Its Requests. ................. 9

      C.      Each Item Of Proposed Venue Discovery Is Either Unnecessary, Overbroad, Disproportionate, Or Unduly Burdensome. .................................. 11

V.      CONCLUSION ............................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*,
  334 F.3d 390 (4th Cir. 2003) ...................................................4

*Chertoff Cap., LLC v. Syversen*,
  No. 1:20-cv-0138, 2020 U.S. Dist. LEXIS 253453 (E.D. Va. Dec. 8, 2020)...........................9

*Cienega v. Echo Glob. Logistics, Inc.*,
  No. 2:21-cv-00533-KJM-JDP, 2022 U.S. Dist. LEXIS 20972 (E.D. Cal. Feb. 4, 2022) .................................................10

*Felton v. Felton*,
  No. 98-1256, 1999 U.S. App. LEXIS 12081 (4th Cir. June 11, 1999)...................................10

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)...........................................7, 11

*Glob. Touch Sols., LLC v. Toshiba Corp.*,
  109 F. Supp. 3d 882 (E.D. Va. 2015) ...................................12

*MercExchange, LLC v. eBay, Inc.*,
  467 F. Supp. 2d 608 (E.D. Va. 2006) .....................................9

*Monarch Networking Sols. LLC v. Juniper Networks, Inc.*,
  No. 1:23-cv-670, 2023 U.S. Dist. LEXIS 237871 (E.D. Va. Oct. 3, 2023).................... *passim*

*NanoEnTek, Inc. v. Bio-Rad Labs.*,
  No. 2:11-cv-427, 2011 U.S. Dist. LEXIS 138535 (E.D. Va. Dec. 2, 2011).......................7, 11

*Sandow-Pajewski v. Busch Ent. Corp.*,
  55 F. Supp. 2d 422 (E.D. Va. 1999) .....................................10

*Sunstone Info. Def., Inc. v. F5 Networks, Inc.*,
  No. 2:21-cv-50-RCY, 2021 U.S. Dist. LEXIS 234539 (E.D. Va. Dec. 7, 2021) ....................6

*Symbology Innovations, LLC v. Lego Sys.*,
  282 F. Supp. 3d 916 (E.D. Va. 2017) (Wright Allen, J.)...............................4, 10, 14

*SZ DJI Tech. Co. v. Bell Textron Inc.*,
  No. 1:23-cv-931 (DJN), 2023 U.S. Dist. LEXIS 181050 (E.D. Va. Oct. 6, 2023) .................................................11

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*,
  928 F. Supp. 2d 863 (E.D. Va. 2013) .....................................4

**Other Authorities**

Local Civil Rule 7(F)(1) ...............................................................................................................5

## I.    <u>INTRODUCTION</u>

SoundClear has provided no justification for venue discovery. Most of its motion (Dkt. 70, "Mot.") rehashes the same arguments that SoundClear made in its brief (Dkt. 61) opposing Google's motion to transfer (Dkt. 57-1, "MTT"). Google addressed those arguments in its reply brief (Dkt. 63).

In its motion, SoundClear goes to great lengths to attempt to inject ambiguities into the declarations supporting Google's MTT (Dkts. 57-2, 57-3, and 57-4), arguing those ambiguities need further investigation. The declarations are not ambiguous. SoundClear suggests that the declarations show that Google made arbitrary or unclear decisions about what is relevant. But the declarations and Google's MTT are focused on features, products, and components SoundClear itself identified as relevant in its complaint. MTT 2–9. This is consistent with precedent (and common sense). SoundClear is not arguing that Google or its declarations have misidentified the relevant features, products, or components.

 SoundClear complains that the declarations in support of Google's MTT, which identify individuals and teams responsible for the development and maintenance of these features, products, and components do not identify every worldwide Google employee with any knowledge about the accused products. But doing so would have been improper because a transfer analysis is not a numbers game. Instead it is focused on material witnesses. Moreover, in determining a motion to transfer, "[a] court must . . . rely on preliminary assessments of preliminary lists of witnesses." *Monarch Networking Sols. LLC v. Juniper Networks, Inc.*, No. 1:23-cv-670, 2023 U.S. Dist. LEXIS 237871, *19 (E.D. Va. Oct. 3, 2023) ("*Monarch*").

In reality, SoundClear's request for venue discovery is a fishing expedition. Indeed, many of its purported justifications for venue discovery are mere speculation. *See, e.g.*, Mot. 9 (baldly speculating that "Google likely has hundreds" of teams it did not identify). At bottom, SoundClear

complains that Google is in control of facts about its products and employees and, accordingly, it speculates more must exist. This alone does not merit venue discovery. The court in *Monarch* explained that "[p]ermitting discovery (or discrediting evidence) because one party lacks equal access to information would either unduly delay resolution of venue or else leave a court devoid of evidence." *Monarch*, *19.

Importantly, the results of venue discovery here would not change the transfer analysis. SoundClear specifically identified only four witnesses (none in EDVA) that it contends may have relevant knowledge. Even if the Court considers those witnesses, the scales tilt decidedly in favor of transfer. *See* Dkt. 63 at 13. Accordingly, the Court should deny SoundClear's request.

## II.   **RELEVANT FACTS**

Google's MTT, supporting declarations, and reply in support of its MTT contain a clear recitation of facts upon which the Court can make a transfer determination. SoundClear attempts to inject ambiguity where there is none. In particular, SoundClear claims in its motion that Google's MTT "begs" the following questions. In reality, SoundClear has answers to all of these questions and venue discovery is not required to answer them. Specifically:

- ***"What information is relevant?" (Mot. 1).***

Google's MTT describes in detail the features, products, components, and witnesses that are relevant and material to this case based on SoundClear's complaint. MTT 2–9 (containing the "relevant allegations," "relevant witnesses," and why). Google stated clearly and repeatedly in its MTT that the identification of witnesses was based on "the allegations in this case." MTT 5. And that, "[t]hese likely witnesses are the Google employees who designed, developed, and otherwise work on the accused functionalities as allegedly implemented on the Google Products identified in Plaintiff's complaint." *Id*. SoundClear's motion requesting venue discovery does not challenge

Google's identification of relevant functionalities, products, or components. Any belated attempt to do so now would be empty and should be rejected.

- ***"How was that determined?" (Mot. 1).***

As noted immediately above and in Google's motion to transfer (MTT 2–9), Google discerned the relevant information based on the allegations in SoundClear's complaint.

- ***"What constitutes an 'overwhelming majority' of evidence or witnesses?" (Mot. 2).***

The declarations identify teams and people who are responsible for the development and maintenance of, and/or who work on, the features and components that SoundClear identified in its complaint. The declarations likewise specifically state where both the majority and minority of these individuals are located. Dkt. 57-2 ¶¶ 6, 7 (e.g., "[t]he majority of the Hotword Modeling team is based in Mountain View with one team member based in New York" and other similar statements); Dkt. 57-3 ¶ 5 ("The majority of my team is based in Mountain View or Northern California with some team members based in the United Kingdom."); Dkt. 57-4 ¶ 6 ("The majority of team members that worked on these components are located in Mountain View with additional team members in Taiwan."). Each of the declarations also states that, as a matter of practice, documents or physical evidence would be created and maintained by the employees working on those products and services. Dkt. 57-2 ¶ 8, Dkt. 57-3 ¶ 6, Dkt. 57-4 ¶ 7.

- ***"Where are the supposed 'minority' of evidence or witnesses located?" (Mot. 2).***

This too is described in detail in the declarations as noted immediately above.

- ***"What types of witnesses and evidence did Google omit from the denominator in its 'majority' calculation?" (Mot. 2).***

No evidence was omitted. As described, the information provided in the MTT was derived from SoundClear's allegations in its complaint.

Accordingly, SoundClear already has the facts it claims to seek. This begs the question of what SoundClear really aims to gain from venue discovery. As described in more detail below, SoundClear's attempt for discovery is a needless fishing expedition.

## III.  <u>LEGAL STANDARDS</u>

Courts in this District have found it appropriate to deny requests for venue discovery on a Section 1404(a) motion to transfer where the requests rest "on bare allegations." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 874 (E.D. Va. 2013). In these cases, "the Court need not permit even limited discovery . . . [if] such discovery will be a fishing expedition." Id. (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 403 (4th Cir. 2003) (alterations in original)). Although it is within the discretion of the district court whether to order venue-specific discovery, the Fourth Circuit has explained that "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst*, 334 F.3d at 402–403. Moreover, "a district court act[s] within its discretion by denying discovery on a jurisdictional issue when the plaintiff had failed to offer a concrete proffer, there was no indication of fraud or misconduct in the defendant's affidavits, and there was no reason to believe that the additional information sought would alter the outcome." *Symbology Innovations, LLC v. Lego Sys.*, 282 F. Supp. 3d 916, 933–34 (E.D. Va. 2017) (Wright Allen, J.). As in *Va. Innovation Scis.*, courts extend this reasoning to venue-related discovery.[1]

---

[1] In fact, in the "Legal Standards" section of its motion, SoundClear also applies "jurisdictional discovery" standards to venue discovery. Mot. 5–6.

## IV.    ARGUMENT

### A.    SoundClear's Motion is an Impermissible Supplemental Brief.

SoundClear's motion for venue discovery amounts to an unauthorized sur-reply and should be rejected for that reason alone. Under the guise of asking for venue discovery—a request it already made in its opposition to Google's MTT and to which Google replied to (Dkt. 63 at 18–20)—SoundClear raises arguments about the merits of Google's MTT after briefing on the motion has closed. For example, SoundClear implies that Google's MTT is improper because Google had already filed a "fact-intensive" motion to dismiss this case. Mot. 4. This has nothing to do with whether venue discovery is warranted. SoundClear also improperly takes this as an opportunity to rebut points raised in Google's reply in support of its MTT. In fact, in its motion, SoundClear cites and discusses Google's reply no less than five times. Mot. 1–3, 8, 10. Local Civil Rule 7(F)(1) mandates that "[n]o further briefs or written communications may be filed [on a motion] without first obtaining leave of Court." Because SoundClear did not seek leave to file what is essentially a sur-reply, the motion should be denied.

### B.    Venue Discovery is Not Warranted.

#### 1.    Google did not withhold any relevant information.

SoundClear has provided no justification for its burdensome request for venue discovery. At this early stage in the case, the court must rely on a preliminary assessment of witnesses. *Monarch*, \*19. Google provided more than sufficient information for this purpose. *See* MTT 2–9; Dkts. 57-2, 57-3, and 57-4. SoundClear makes numerous unfounded accusations that the MTT and supporting declarations are missing information or that, in some instances, Google actively withheld information. Accordingly, SoundClear claims it is entitled to venue discovery to investigate this information. There is nothing further to discover.

First, SoundClear states that Google "ignored" unfavorable facts due to bias. Mot. 2 n.4 (stating the investigation "was certainly biased"), 8. No bias impacted the MTT. Google told SoundClear exactly what features, products, and components were relevant (MTT 2–9), which SoundClear does not presently dispute; the teams and individuals who developed, maintain, and work on those things; and the locations of those teams and individuals (including whether they were in the NDCA or elsewhere). Of course Google is in control of these facts (as any defendant would be). That is not a justification for venue discovery because, as the court in *Monarch* stated, "resolution of motions to transfer venue—typically brought near the outset of litigation— necessarily require a court to rely on parties accurately to 'disclose the facts underlying the motions they file,' as 'most, if not all, of the relevant facts are [often] exclusively controlled by' one of the parties." *Monarch*, *19 (quoting *Abstrax, Inc. v. Hewlett-Packard Co.*, No. 2:14-cv-158-JRG, 2014 U.S. Dist. LEXIS 155805, *7 (E.D. Tex. Nov. 4, 2014)). SoundClear provides no evidence that Google's disclosure of facts was inaccurate; only speculation.

Next, SoundClear alleges that Google failed to provide pertinent information such as "where development or maintenance occurs." Mot. 10. That is simply incorrect. The declarants refer to teams and individuals who have "responsibility for development and maintenance" and/or work on various features and components and where those teams and individuals are located. *See* Dkt. 57-2 ⁋ 6; Dkt. 57-3 ⁋ 5; Dkt. 57-4 ⁋ 6. "[I]t is 'permissible to infer, absent any contrary evidence from the non-movant, that witnesses are located at or near the center of the allegedly infringing activities and that witnesses involved in the design and manufacture of the accused products are material.'" *Sunstone Info. Def., Inc. v. F5 Networks, Inc.*, No. 2:21-cv-50-RCY, 2021 U.S. Dist. LEXIS 234539, at *12 (E.D. Va. Dec. 7, 2021) (quoting *Glob. Touch Sols., LLC v.*

*Toshiba Corp.*, 109 F. Supp. 3d 882, 900 (E.D. Va. 2015)). The Court does not even need to infer where these witnesses are located because Google provided that information.

SoundClear then pivots and alleges that Google actively "blocked" information unfavorable to its position using an assertion of privilege. Mot. 2. Google did not say that and it has not done so. Google is not withholding information relevant to determination of the MTT on privilege grounds or otherwise. Google disclosed more than sufficient information to meet its burden for the motion to transfer, and SoundClear's allegations on this point are mere speculation.

As a last ditch attempt to secure venue discovery, SoundClear speculates wildly about what it believes Google has omitted. For example, SoundClear implies that Google failed to identify potentially "hundreds" of relevant teams. Mot. 8–9. This is entirely unfounded. SoundClear further speculates that "[t]here is almost no chance that in a company having almost 200,000 employees, only the nine Google addressed merit consideration." Mot. 3. But, the identification of nine specific witnesses is reasonable when one considers that it is the result of a good faith investigation focused on material witnesses. And especially when one considers the early stage of the case and that very few of the "200,000" Google employees that SoundClear refers to will actually become witnesses in this case. Indeed, had Google identified more potential witnesses, SoundClear surely would be alleging that Google was impermissibly playing a "numbers game" because of its size and number of employees.

Google's identification of material witnesses is proper because the court determining a motion to transfer will assess "witnesses and material information that will arise later in the case." *NanoEnTek, Inc. v. Bio-Rad Labs.*, No. 2:11-cv-427, 2011 U.S. Dist. LEXIS 138535, *15 (E.D. Va. Dec. 2, 2011); *See also In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) ("A district court should assess the relevance and materiality of the information the witness may provide.").

As Google stated in its MTT, it identified witnesses and teams that have material knowledge based on the accused products, functionalities, and components in this case. MTT 2–9. None are in Virginia.

### 2. SoundClear's additional attempts to distract from the merits should be ignored.

Perhaps recognizing that Google provided a full record upon which the MTT could be decided, SoundClear next pivots to attempting to call that factual information into question. Each of SoundClear's arguments to this effect are transparent attempts to introduce confusion where there is none.

For example, SoundClear incorrectly claims that "Google distrusts the accuracy of its conclusions," citing Google's routine reservation of rights to identify additional witnesses later in the case. Mot. 1. Google's reservation of rights is commonplace and simply reflects that motions to transfer are often made early in the case based on "preliminary assessments of preliminary lists of witnesses." *Monarch*, *19. The reservation of rights does not speak to the soundness of Google's current identification of witnesses.

SoundClear's motion also reiterates numerous complaints it made about the declarations in its opposition to Google's MTT. For example, SoundClear claims without any explanation that the declarations contain hearsay (Mot. 3, 8), but the declarations only contain facts that the witnesses know from personal knowledge and/or their investigations. *See* Dkt. 63 at 1–7. SoundClear also claims there is no basis for the declarant's personal knowledge. Mot. 3. This is meritless. Each declarant explicitly states the basis for their knowledge, including, for example, how they know what teams and individuals work on which functionalities and components. *See, e.g.*, Dkt. 57-2 ¶ 5 ("As part of my job, I also obtained historical knowledge about aspects of the people and teams that were involved in designing and developing the Google Products."); Dkt. 57-

3 ⸿ 5 ("Given our working relationship, I am familiar with some aspects of Mr. Clark's knowledge related to the Google Products."); Dkt. 57-4 ⸿ 4 ("as part of my job responsibilities, I am familiar with hardware components of the Google Products and the teams that work on these components.").

SoundClear also claims that the declarations need investigation because they contain opinions. Mot. 3, 8–9. They do not. The declarants supplied facts about particular teams and people, where they are located, and what features and products they work on and/or are responsible for developing and maintaining. The declarants did not opine on or provide opinions regarding what features, products, and components are relevant to this case. Instead, as set forth in detail in Google's MTT, these features, products, and components are identified based on SoundClear's complaint. MTT 2–9. Although the declarants may have used the word "relevant" (Mot. 9), they explained in their declarations the specific information that was relevant (e.g., the features, functionalities, components, and products that Google identified in its MTT based on SoundClear's complaint). Dkt. 57-2 ⸿⸿ 6, 8–9; Dkt. 57-3 ⸿⸿ 5–7; Dkt. 57-4 ⸿⸿ 5–8. Accordingly, there is nothing further to investigate. The Court should not credit SoundClear's attempt to muddy language that is clear on its face.

### 3. SoundClear provides no legal justification for its requests.

The legal authority supports Google's positions. *See* Dkt. 63 at 18–20. SoundClear's claims that Google did not "address any of SoundClear's authority" (Mot. 3) are incorrect. SoundClear cites much of the same authority it presented in its opposition to the MTT, which Google refuted in its reply. *See* Dkt. 63 at 18–21 (discussing *MercExchange, LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 612 (E.D. Va. 2006) and *Chertoff Cap., LLC v. Syversen*, No. 1:20-cv-0138, 2020 U.S. Dist. LEXIS 253453, at *7 (E.D. Va. Dec. 8, 2020)). Notwithstanding that Google has already dealt with SoundClear's positions, Google agreed to meet and confer in good faith. Accordingly,

SoundClear's claim that Google has an approach of "intransigence, non-cooperation, and one-sided gamesmanship" (Mot. 3) is false and uncalled for.

The other cases raised in SoundClear's motion are distinguishable. In each, the courts merely found that the witnesses lacked knowledge or foundation for their testimony. *See Felton v. Felton*, No. 98-1256, 1999 U.S. App. LEXIS 12081, *6–7 (4th Cir. June 11, 1999) (the court excluded a witness's testimony on negligent boat operation under FRE 701 when the witness herself stated "I have no idea of boat speeds."); *Sandow-Pajewski v. Busch Ent. Corp.*, 55 F. Supp. 2d 422, 428 (E.D. Va. 1999) (the Court excluded opinion testimony where the witnesses failed to provide a reliable basis for their opinion). This is not the case with Google's declarations. And *Cienega v. Echo Glob. Logistics, Inc.*, goes against SoundClear's position. No. 2:21-cv-00533-KJM-JDP, 2022 U.S. Dist. LEXIS 20972, at *5 (E.D. Cal. Feb. 4, 2022). There, the court **overruled** objections to a declaration because the statements were "neither speculative nor vague" and because "the court has not relied on any of his averments about events or facts for which he has no personal knowledge." *Id*. Similarly, here, the declarations are not speculative or vague and the basis for the declarants' knowledge was provided. *See* Dkt. 63 at 2–7. Thus, SoundClear's authority does not provide any basis to discount the clear facts provided to support the MTT.

Instead, the Court should deny SoundClear's request for venue discovery because SoundClear "failed to offer a concrete proffer, there was no indication of fraud or misconduct in the defendant's affidavits, and there was no reason to believe that the additional information sought would alter the outcome." *Symbology Innovations, LLC v. Lego Sys.*, 282 F. Supp. 3d at 933–34. SoundClear admits it has not asserted "fraud" or "bad faith." Mot. 2. And it can't, because there is none—which further underscores the lack of justification for any additional venue discovery. SoundClear has also failed to identify any information the Court still needs to make its

determination. Accordingly, SoundClear has not met its burden to show that discovery is warranted.

### C. Each item of proposed venue discovery is either unnecessary, overbroad, disproportionate, or unduly burdensome.

Google provided more than sufficient information to support its MTT. SoundClear's latest requests should be denied on the merits because they (1) go well beyond issues of venue; (2) request information that has either already been provided or would not impact the transfer analysis; and/or (3) are unduly burdensome.

*Interrogatory No. 1: Provide a list of all the teams responsible for the design, development, and maintenance of the features and functionalities of the accused Google Products and Services.* Google has provided this. As described, Google's MTT outlines what these relevant features and functionalities are based on SoundClear's complaint. MTT 2–9. The declarations provide facts regarding where the related teams and individuals are located. Id. Later in its motion, SoundClear expands its request to all teams relevant to the "accused products" generally (and not just the accused features and functionalities). Mot. 9. The inquiry relevant to motions to transfer for convenience, however, is not where all potential employees with any level of knowledge about accused products are located. As noted, the proper inquiry is where material witnesses reside. *See NanoEnTek, Inc. v. Bio-Rad Labs.*, 2011 U.S. Dist. LEXIS 138535, *15; *In re Genentech, Inc.*, 566 F.3d at 1343; *SZ DJI Tech. Co. v. Bell Textron Inc.*, No. 1:23-cv-931 (DJN), 2023 U.S. Dist. LEXIS 181050, at *21 (E.D. Va. Oct. 6, 2023) (granting transfer in part because "a substantial number of material witnesses reside within the transferee venue"). If SoundClear had a specific question about a specific functionality, it could have asked. But because relevant information was already provided, SoundClear embarked on a fishing expedition instead.

11

*Interrogatory No. 2: Provide a list of the names and cities of residents of all members of the teams identified in the Declarations.* There is no justification for this and it is blatant fishing. As noted, Google's MTT and supporting declarations outline where a majority and minority of the identified team members are located. MTT 2–9. SoundClear provides no justification for why it needs the names of these employees. It has their locations. Id. It states only that this list "will allow the Court to determine whether Google assessed a sufficient universe of individuals in preparing the Declarations." Mot. 9. That does not make sense. It is unclear how listing team member names would allow the Court to do this. Moreover, to the extent that SoundClear is saying Google's investigation is somehow deficient, they have made no such showing; they have only provided speculation.

*Interrogatory No. 3: Identify all hard copy documents (that are not otherwise available electronically) identified to date that Google believes may be relevant to the claims or defenses.* Google presented facts in its MTT about where any such documents are likely to be found: with the employees who created and maintain them. *See* Dkt. 57-2 ⁋ 8; Dkt. 57-3 ⁋ 6; Dkt. 57-4 ⁋ 7. As the court recognized in *Global Touch*, the Federal Circuit has recognized that "the bulk of the relevant evidence usually comes from the accused infringer, . . . the place where the defendant's documents are kept weighs in favor of transfer to that location." *Global Touch Sols., LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 900 (E.D. Va. 2015) (quoting *In re Genentech, Inc.*, 566 F.3d at 1345). To date, despite its ongoing good-faith investigation, Google has not identified any relevant hard copy documents (that are not otherwise available electronically) in or outside the District. But this is immaterial because (1) Google is not relying on only hard copy documents to support its motion to transfer; and (2) to the extent these documents exist, they would most likely be located with the individuals Google has already identified, none of whom are in EDVA.

*Depositions*. SoundClear claims it needs at least eight depositions. That is unreasonable and disproportionate. SoundClear's request for a 30(b)(6) deposition on the same interrogatory topics (Mot. 7) are improper for the same reasons the interrogatory topics are improper. And SoundClear's request for a four-hour deposition is excessive.

The declarant depositions that SoundClear seeks are not warranted because, as explained above, the declarations are not ambiguous and do not contain opinions. SoundClear cannot credibly say that it is worth burdening the parties and witnesses so that it can ask declarants what the words "primarily" or "majority" mean. The declarations are 10 pages long in total, and SoundClear requests 2.5 hours of deposition time with each declarant (one of which has a declaration that is less than 2 pages long). That is again excessive and reveals that SoundClear is on a fishing expedition. And, discovery would do nothing other than delay resolution of Google's motion. SoundClear filing this motion after it has already once requested venue discovery in its opposition is evidence of its attempts to delay. This gamesmanship should not be rewarded.

SoundClear also requests to depose Sarah Hatfield, Anthony Harris, Austin Simmons, and Tyler Burcher-DuPont. First, as noted in Google's reply brief (Dkt. 63 at 11 n.4) Anthony Harris and Austin Simmons are not Google employees. As referenced in the LinkedIn profiles, they appear to be employees of Mosaic, and therefore should presumably be contacted through counsel for Mosaic. As they are not Google employees, Google cannot accept service of a subpoena for a deposition on their behalf. Second, as noted above, it does not matter whether any of these four individuals have *some* relevant information. The inquiry for a motion to transfer for convenience is whether their knowledge is material. As Google explained in its reply brief, none of these four individuals appear to have material information. *Id*. Importantly, even if the Court considers all four of these witnesses in the transfer analysis (it shouldn't), there are still significantly more

13

witnesses in or closer to the NDCA. *See* Dkt. 63 at 13. Thus, investigation into these individuals would not alter the outcome and should not be permitted.

## V.    <u>CONCLUSION</u>

Venue discovery is not warranted to simply attempt to unearth facts contrary to sworn facts presented to the Court, without any evidence that such contrary facts exist. "[A]llowing plaintiffs to file suit in far-flung districts and then demand discovery on the issue of venue would recreate the inconvenience that venue rules are intended to prevent—the defendant would still be required to litigate in an inconvenient district." *Symbology Innovations, LLC v. Lego Sys.*, 282 F. Supp. 3d at 934.

Dated:  February 6, 2025                    Respectfully submitted,

*/s/ Stephen E. Noona*
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

PAUL HASTINGS LLP

Robert W. Unikel (*pro hac vice*)
Douglas L. Sawyer (*pro hac vice*)
Mark T. Smith (*pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL  60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
robertunikel@paulhastings.com
dougsawyer@paulhastings.com
marksmith@paulhastings.com

Robert Laurenzi (*pro hac vice*)
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
robertlaurenzi@paulhastings.com

14

Joshua Yin (*pro hac vice*)
1117 S. California Avenue
Palo Alto, CA  94304
Telephone: (650) 320-1884
Facsimile: (650) 320-1984
joshuayin@paulhastings.com

Ariell N. Bratton (*pro hac vice*)
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
ariellbratton@paulhastings.com

*Counsel for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2025, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

>Chandran B. Iyer (VSB No. 94100)
>Kevin H. Sprenger (VSB No. 98588)
>Steven Reynolds (*pro hac vice*)
>Austin Ciuffo (*pro hac vice*)
>Matthew R. Harkins (*pro hac vice*)
>James J. Hatton (*pro hac vice*)
>DAIGNAULT IYER LLP
>8229 Boone Boulevard, Suite 450
>Vienna, VA 22182
>cbiyer@daignaultiyer.com
>ksprenger@daignaultiyer.com
>sreynolds@daignaultiyer.com
>aciuffo@daignaultiyer.com
>mharkins@daignaultiyer.com
>jhatton@daignaultiyer.com

>*Counsel for Plaintiff SoundClear Technologies LLC*

>  */s/ Stephen E. Noona*
>Stephen E. Noona (VSB No. 25367)
>KAUFMAN & CANOLES, P.C.
>150 W. Main Street, Suite 2100
>Norfolk, VA 23510-1665
>Telephone: (757) 624-3239
>Facsimile: (888) 360-9092
>senoona@kaufcan.com

>*Counsel for Defendant Google LLC*

16