THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| SOUNDCLEAR TECHNOLOGIES LLC, § | |
| § | |
| Plaintiff, § | |
| § | Case No. 2:24-cv-00321-AWA-DEM |
| v. § | |
| § | |
| GOOGLE LLC, § | |
| § | |
| Defendant. § | |
| § | |

**GOOGLE LLC'S RESPONSE TO SOUNDCLEAR TECHNOLOGIES, LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER REGARDING MOTION TO CONDUCT VENUE DISCOVERY (DKT. 78)**

## TABLE OF CONTENTS

Page

GOOGLE LLC'S RESPONSE TO SOUNDCLEAR TECHNOLOGIES, LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER REGARDING MOTION TO CONDUCT VENUE DISCOVERY (DKT. 78) ................................................................................................. 1

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL BACKGROUND .................................................................................... 3

III. THE STANDARD OF REVIEW ...................................................................................... 3

IV. SOUNDCLEAR OFFERS NO BASIS UNDER RULE 72(A) TO SET ASIDE MAGISTRATE JUDGE MILLER'S RULING ................................................................. 4

    A. Magistrate Judge Miller Appropriately Addressed SoundClear's Circular Argument About "Opinion" Testimony .............................................................. 4

    B. Google Did Not Waive Privilege Concerning the Communications Between Outside Counsel and Google for the Investigation ............................................. 6

    C. Magistrate Judge Miller Did Not Exceed the Scope of his Referral ................... 8

V. CONCLUSION .................................................................................................................. 9

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Attard Indus. v. U.S. Fire Ins. Co.*,
  No. 1:10-cv-121, 2010 U.S. Dist. LEXIS 80785 (E.D. Va. Aug. 5, 2010) ........................ 3, 4

*Bruce v. Hartford*,
  21 F. Supp. 3d 590 (E.D. Va. 2014) ................................................................................ 3

*CertusView Techs., LLC v. S&N Locating Servs., LLC*,
  107 F. Supp. 3d 500 (E.D. Va. 2015) ............................................................................... 4

*Connelly v. Volkswagen Group of America, Inc.*,
  No. 1:19-cv-1487, 2023 U.S. Dist. LEXIS 197929 (E.D. Va. Nov. 3, 2023) ..................... 5

*In re EchoStar Communications Corp.*,
  448 F.3d 1294 (Fed. Cir. 2006). ....................................................................................... 8

*HSBC Bank USA, N.A. v. Resh*,
  No. 3:12-cv-00668, 2014 U.S. Dist. LEXIS 10176 (S.D. W. Va. Jan. 28, 2014) .............. 3

*Malibu Media, LLC v. John Does 1-23*,
  878 F. Supp. 2d 628 (E.D. Va. 2012) ............................................................................... 4

*Monarch Networking Sols. LLC v. Juniper Networks, Inc.*,
  No. 1:23-cv-670, 2023 U.S. Dist. LEXIS 237871 (E.D. Va. Oct. 3, 2023) ............ 2, 6, 7, 8

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  230 F.R.D. 433 (D. Md. 2005) ......................................................................................... 8

*United States v. Jones*,
  696 F.2d 1069 (4th Cir. 1982) ......................................................................................... 8

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948) ......................................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 72(a) ................................................................................................................ 3

I.     **INTRODUCTION**

The Court received 80 pages of briefing on SoundClear's motion for venue discovery, held a hearing, understood and considered the parties' arguments, and made the correct ruling. Magistrate Judge Miller held that "[a]bsent any facts suggesting Google misrepresented its findings," there is "no reason to conduct discovery on the methods of Google's investigation . . . ." *See* Mem. Order, Dkt. 78 at 3 ("Order"). SoundClear concedes that there are no such facts. Pl.'s Objs. to Mag. J. Mem. Order, Dkt. 82 at 10 ("Objs."). The Court found that "the information Plaintiff requests would not necessarily alter the outcome of the Motion to Transfer Venue" where the record is already replete with 674 pages of exhibits. *Id.* SoundClear also acknowledges that Google has already provided answers to the questions SoundClear would seek in venue discovery. Transcript regarding Hearing on Motion for Venue Discovery, Dkt. 82-1 ("Hr'g Tr.") at 6:2-6. The Court found SoundClear's questions themselves to be "circular" and subsequently concluded venue discovery was not warranted. *See id.* at 6:7-19. The well-reasoned decision is neither erroneous nor contrary to law and should be affirmed.

Ignoring all that, SoundClear accuses Magistrate Judge Miller of not addressing its main point, which is a convoluted argument that the Google declarations contain opinions, and SoundClear wants to explore the foundation for those opinions. SoundClear even misleadingly implies the Court *adopted* SoundClear's argument that Google's declarants were offering opinions. *See* Objs. 10 (SoundClear claiming that "[t]he Court acknowledged that characterizations based upon an investigation may be opinions"). But, in reality, the Court considered and properly *rejected* SoundClear's argument because the declarations include only factual testimony. *See* Order 2-3; Hr'g Tr. 5:6-11 ("[B]ut the declarants themselves are not offering statements of opinion[.]"). SoundClear admits it does not seek to ask questions attempting to rebut any of the facts presented by Google's declarants. Objs. 10.

SoundClear further unfairly accuses Magistrate Judge Miller of provoking Google's outside counsel into a subject-matter waiver of privilege during argument and acting outside the scope of his statutory authority because he read the underlying motion to transfer briefing. All of this is nonsense. Magistrate Judge Miller clearly understood the facts and the law, acted within the scope of his referral, and rendered the correct decision. And Google did not waive privilege.

SoundClear's objection is not just an attack on Magistrate Judge Miller; it is an attack on Google's outside counsel. Boiled down, SoundClear's argument is that Google's outside counsel fraudulently instructed Google to identify only employees who live in the preferred transferee district. As counsel admitted during the hearing, SoundClear has no basis to make such an egregious accusation yet believes it should be permitted to conduct venue discovery to explore this unsubstantiated and unwarranted accusation against counsel. Objs. 7. As the Court stated, "SoundClear has offered nothing beyond . . . bare allegations and conclusory assertions that it believes Google did not provide all of the teams involved in the accused products." Order 2 (internal quotations omitted). Magistrate Judge Miller's ruling is consistent with applicable law: as stated in *Monarch*, "[p]ermitting discovery (or discrediting evidence) because one party lacks equal access to information would either unduly delay resolution of venue or else leave a court devoid of evidence." *Monarch Networking Sols. LLC v. Juniper Networks, Inc.*, No. 1:23-cv-670, 2023 U.S. Dist. LEXIS 237871, at *19 (E.D. Va. Oct. 3, 2023). Despite SoundClear's contrary assertions (Objs. 3 n.1), *Monarch* controls this matter. SoundClear cites no law and has no facts to support its arguments.

The Court exercised its discretion based on settled law and denied SoundClear's request for venue discovery. SoundClear's objection should be overruled, and Magistrate Judge Miller's recommendation should be adopted in full.

## II.   PROCEDURAL BACKGROUND

On November 4, 2024, Google filed a motion to transfer. Dkt. 38. As Magistrate Judge Miller noted, that briefing resulted in 674 pages of factual record available to this Court to determine whether to transfer this case. *See* Hr'g Tr. 3:24-4:9. In opposing Google's motion to transfer, SoundClear argued it should be awarded venue discovery. Dkt. 61 at 9-10. Then, after briefing on the motion to transfer closed, SoundClear filed a separate motion for venue discovery. Dkt. 69. The Court referred SoundClear's motion for venue discovery to Magistrate Judge Miller, who held a hearing on March 5, 2025. After reading all of the briefing and hearing argument, Magistrate Judge Miller held that there is "no basis to permit venue discovery" and denied SoundClear's motion. Order 4.

## III.   THE STANDARD OF REVIEW

Rule 72(a) empowers a district court to overturn a magistrate judge's ruling only when part of the order is (1) clearly erroneous; or (2) contrary to law. Fed. R. Civ. P. 72(a). For factual findings, a "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Attard Indus. v. U.S. Fire Ins. Co.*, No. 1:10-cv-121, 2010 U.S. Dist. LEXIS 80785, at *4 (E.D. Va. Aug. 5, 2010).

Clearly erroneous and contrary to law are not synonymous standards. *See HSBC Bank USA, N.A. v. Resh*, No. 3:12-cv-00668, 2014 U.S. Dist. LEXIS 10176, at *18-19 (S.D. W. Va. Jan. 28, 2014). "For questions of law there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) (alteration in original). Therefore, a magistrate judge's order is contrary to law when the order "fails to apply or misapplies relevant statutes, case law, or rules of procedure."

3

*Attard Indus.*, 2010 U.S. Dist. LEXIS 80785, at *5 (citation omitted). As a result, the clearly erroneous standard applies when reviewing the factual portions of the Magistrate Judge's order while contrary-to-law applies when reviewing legal conclusions. However, regardless of whether considering a legal or factual issue, "altering a magistrate judge's non-dispositive orders is 'extremely difficult to justify'" and courts in this district have afforded magistrate judges broad deference. *CertusView Techs., LLC v. S&N Locating Servs., LLC*, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) (Davis, J.) (cleaned up); *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 629 (E.D. Va. 2012) (Hilton, J.) (citation omitted).

### IV.   SOUNDCLEAR OFFERS NO BASIS UNDER RULE 72(A) TO SET ASIDE MAGISTRATE JUDGE MILLER'S RULING

SoundClear does not meet the strict standard for overturning a magistrate judge's ruling. SoundClear identifies no finding in Magistrate Judge Miller's Order that was "clearly erroneous," and fails to identify a single error of law. Instead, SoundClear (A) wrongly claims that Magistrate Judge Miller did not address "the lay opinion issue," (B) asserts that Google waived privilege, and (C) accuses Magistrate Judge Miller of exceeding the scope of his statutory authority by making rulings on the motion to transfer.

None of the foregoing actually occurred. The Court appropriately considered the parties' arguments and denied pointless venue discovery.

#### A.   Magistrate Judge Miller Appropriately Addressed SoundClear's Circular Argument About "Opinion" Testimony

SoundClear asserts that the Court failed to address whether venue discovery is warranted because SoundClear wants to explore the foundation for supposed opinions offered by the Google declarants on what is relevant to this case. SoundClear attacks counsel without more, claiming it is "inconceivable that Google paid expensive, outside, New York-based litigation counsel to participate in a purely objective exercise." Objs. 7. SoundClear further attacks Magistrate Judge

4

Miller, suggesting when confronted with SoundClear's argument, he "pivoted, confusingly, to an unrelated matter." *See* Objs. 11.

But the Court addressed SoundClear's erroneous arguments. The Court and SoundClear's attorney had an extensive back and forth on whether Google's declarations stating which teams are "relevant" amounted to an opinion. *See* Hr'g Tr. 4:10-9:7. SoundClear implies the Court *adopted* SoundClear's argument that Google's declarants were offering opinions when the Court in fact *rejected* SoundClear's argument. *Compare* Objs. 10 (SoundClear claiming that "[t]he Court acknowledged that characterizations based upon an investigation may be opinions") *with* Order 2-3; Hr'g Tr. 5:6-11 ("[B]ut the declarants themselves are not offering statements of opinion[.]"). The Court further found that SoundClear's proposed venue discovery exploring the basis of the alleged relevancy opinions to be "circular," as SoundClear determined relevancy in its complaint by identifying specific products and features as infringing. Hr'g Tr. 6:7-9. Far from ignoring it, the Court thoroughly considered and rejected SoundClear's argument.

This situation is like *Connelly v. Volkswagen Group of America, Inc.*, where the plaintiffs attempted to argue that the Court's failure to consider and subsequently reject one of plaintiff's arguments *in writing* amounted to clear error. No. 1:19-cv-1487 (RDA/IDD), 2023 U.S. Dist. LEXIS 197929, at *13 (E.D. Va. Nov. 3, 2023). This Court rejected that argument as flawed and disingenuous because during the hearing, the Magistrate Judge "specifically addressed the arguments." *Id.* The same is true here. SoundClear cannot show, based on the transcript of the proceedings, that the Court did not consider SoundClear's argument on "opinion" testimony. As SoundClear notes, the Court's "Order incorporates the findings and conclusions rendered at the hearing." Objs. 9; Order 1 ("The court heard oral argument on the motion, and for the reasons stated on the record and briefly explained below, DENIES SoundClear's Motion to Conduct Venue

5

Discovery.").

In light of the Court correctly finding that SoundClear's "opinion testimony" argument does not hold water, SoundClear's remaining arguments amount to thinly veiled allegations of fraud. Objs. 7. SoundClear obfuscates on this issue because it has no basis to assert fraud. Any assertions of bad-faith on Google's part are hypothetical and speculative. *See* Hr'g Tr. 7:14-8:6. Again, the court's ruling in *Monarch* is directly applicable to the facts at hand. *Monarch*, 2023 U.S. Dist. LEXIS 237871, at *19.

### B. Google Did Not Waive Privilege Concerning the Communications Between Outside Counsel and Google for the Investigation

SoundClear asserts that by answering Magistrate Judge Miller's question during argument, Google waived privilege for subject matter relating to "the way Google's outside litigation counsel conducted its investigation." Objs. 7. As an initial matter, this Court need not even reach this issue. As SoundClear conceded, no facts suggest that Google misrepresented its findings. Order 2-3. Magistrate Judge Miller recognized that "resolution of motions to transfer venue . . . necessarily require a court to rely on parties accurately to disclose the facts underlying the motions they file as most, if not all, of the relevant facts are [often] exclusively controlled by one of the parties." Order 3 (quoting *Monarch*, 2023 U.S. Dist. LEXIS 237871, at *19). And the Court was clear that the information SoundClear requested "would not necessarily alter the outcome of the Motion to Transfer Venue." *Id*. at 3-4. Accordingly, the details of Google's investigation–whether privileged or not–are immaterial to the motion to transfer.

Regardless, Google did not waive privilege. The investigation involved attorney client communications and was performed at the direction of counsel for the purpose of litigation. SoundClear argues that privilege was waived when Google responded to the Court's question asking whether Google attempted to "tilt the scale" in favor of transfer when it "went looking for

6

people working on the product." Hr'g Tr. 10:12-15. The answer is "no." *Id.* at 10:18. In so answering, Google's counsel confirmed that no fraud was committed. Google then simply stated that it asked engineers to aid in supporting where individuals are located, as required by *Monarch*. Hr'g Tr. 10:21-11:5. *Monarch*, 2023 U.S. Dist. LEXIS 237871, at *19 ("The only 'reliable information' to make such a determination typically comes 'in affidavit form' based on facts exclusively controlled by one party.").

In concocting this thinly constructed waiver argument, SoundClear ignores that the information provided in Google's response was already presented in the transfer briefing (Hr'g Tr. 10:18-23) and the declarations (*id*. at 11:4-5) themselves, which Google made clear in its response to the Court's question at the hearing. In particular, Google explained that SoundClear, not Google, determined what was relevant when it defined the accused functionalities in its complaint. Hr'g Tr. 10:20-23; Dkt. 71 at 2-3, 9. In its motion to transfer, Google recited what it understood the accused functionalities to be with cites to the complaint. Dkt. 57-1 at 2-9. SoundClear has never claimed that Google misstated, misunderstood, or omitted relevant accused functionality. Then, Google identified individuals with material information based on the accused functionalities. *See id.* at 5-9 (mapping each person to their knowledge about accused functionalities with citations to the complaint). As is clear from the declarations filed in support of the motion to transfer, the declarants identified what material information those employees have and where they are located, regardless of whether they were in California, Virginia, or elsewhere. *Id.* Because these facts, which are clear from the motion to transfer briefing, were merely recited at the hearing, no privileged information was disclosed.

Google simply confirmed that its investigation proceeded exactly as courts in this district require–by seeking declarations about the location of likely witnesses with material information.

7

It is unclear how Google could submit declarations without asking declarants to provide them. *Monarch*, 2023 U.S. Dist. LEXIS 237871, at *19. Accordingly, this minimal disclosure is not "inconsistent with maintaining the confidential nature of the attorney-client relationship[.]" *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). It was simply a disclosure of steps that necessarily had to occur to provide the requisite information for a motion to transfer.

Finally, SoundClear's cited authority does not support its flawed subject matter waiver argument. The court in *In re EchoStar Communications Corp.* found that "when EchoStar chose to rely on the advice of in-house counsel, it waived the attorney-client privilege with regard to any attorney-client communications relating to the same subject matter . . . ." 448 F.3d 1294, 1299 (Fed. Cir. 2006). No advice of counsel defense is at issue here. *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 230 F.R.D. 433 (D. Md. 2005) is even less applicable. There, the court considered whether a public disclosure in the form of SEC filings and other internal reports produced to the Plaintiffs waived work product protection and did not relate to privileged communications surrounding the investigation at all. *Id.* at 437. Unlike here, the produced disclosures "largely" revealed the underlying work product by "rely[ing] heavily" and "in some instances quot[ing] from" it. *Id*. at 436. These facts are completely distinct from Google responding in the negative to hypothetical allegations of a fraudulent investigation and do not demonstrate a subject matter waiver.

SoundClear's privilege waiver argument is not factually or legally supported.

      **C.**      **Magistrate Judge Miller Did Not Exceed the Scope of his Referral**

SoundClear wrongly suggests that the Court made a factual finding related to Google's motion to transfer (Objs. 9-10). The Court was explicit: "no one's asked me to weigh in on the venue motion, and I am not. But because your motion that I am deciding implicates the briefing on that motion, I did look at it[.]" Hr'g Tr. 9:9-12.

8

SoundClear complains that the Court acknowledged that Google has agreed to litigate in this District in other cases. That acknowledgement was warranted because SoundClear has repeatedly suggested that Google's counsel manufactured justifications to not litigate in the Eastern District of Virginia. *See* Hr'g Tr. 7:14-8:6 (constructing a "hypothetical" accusing Google's counsel–by name–of directing Google to conduct a fraudulent investigation which will result in declarations that support a motion to transfer to the Northern District of California); Objs. 7 (SoundClear claiming that it would be "inconceivable" that Google's counsel would engage in an objective, ethical investigation of where potentially relevant witnesses may reside). Given that SoundClear has repeatedly pushed the idea that Google likely went to great lengths to manufacture incomplete declarations, the Court pointed out that Google has agreed to litigate in the Eastern District of Virginia in other cases, which undermines SoundClear's imaginary accusations of fraud. Hr'g Tr. 14:6-14. The Court acted within the scope of its referral and only made findings when relevant to the motion assigned to it.

## V.  CONCLUSION

For the foregoing reasons, SoundClear's objections to Magistrate Judge Miller's order denying their Motion to Conduct Venue Discovery should be overruled.

Dated:  March 28, 2025                              Respectfully submitted,

*/s/ Stephen E. Noona*
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

9

PAUL HASTINGS LLP

Robert W. Unikel (*pro hac vice*)
Douglas L. Sawyer (*pro hac vice*)
Mark T. Smith (*pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL  60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
robertunikel@paulhastings.com
dougsawyer@paulhastings.com
marksmith@paulhastings.com

Robert Laurenzi (*pro hac vice*)
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
robertlaurenzi@paulhastings.com

Joshua Yin (*pro hac vice*)
1117 S. California Avenue
Palo Alto, CA  94304
Telephone: (650) 320-1884
Facsimile: (650) 320-1984
joshuayin@paulhastings.com

Ariell N. Bratton (*pro hac vice*)
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
ariellbratton@paulhastings.com

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Ronald M. Daignault (*pro hac vice*)
    Chandran B. Iyer (VSB No. 94100)
    Steven J. Reynolds (*pro hac vice*)
    Shailendra Maheshwari (*pro hac vice*)
    Kevin H. Sprenger (VSB No. 98588)
    Austin J. Ciuffo (*pro hac vice*)
    James J. Hatton (*pro hac vice*)
    Matthew Harkins (*pro hac vice*)
    DAIGNAULT IYER LLP
    8229 Boone Boulevard, Suite 450
    Vienna, VA 22182
    rdaignault@daignaultiyer.com
    cbiyer@daignaultiyer.com
    sreynolds@diagnaultiyer.com
    smaheshwari@daignaultiyer.com
    ksprenger@daignaultiyer.com
    aciuffo@daignaultiyer.com
    jhatton@daignaultiyer.com
    mharkins@daignaultiyer.com

*Counsel for Plaintiff SoundClear Technologies LLC*

    */s/ Stephen E. Noona*
    Stephen E. Noona (VSB No. 25367)
    KAUFMAN & CANOLES, P.C.
    150 W. Main Street, Suite 2100
    Norfolk, VA 23510-1665
    Telephone: (757) 624-3239
    Facsimile: (888) 360-9092
    senoona@kaufcan.com

*Counsel for Defendant Google LLC*